ALFRED SALTERS *vs.* ROSELLA DOLLY SALTERS.

JULY 17, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

82

CONDON, J. This petition for divorce was dismissed by the superior court for lack of jurisdiction. Petitioner excepted to that ruling and has duly prosecuted his exception to this court. The sole question raised by such exception is whether or not, on the facts in evidence, the trial justice erred in finding that the petitioner was a resident of this state, so as to require this action to be brought in the county where he resided.

Petitioner had lived in Rhode Island since 1935. He resided in Warwick in the county of Kent with his wife and two children at least until February 2, 1945. He claims that after that date, probably sometime on or before March 15, 1945, the precise date is not clearly established, he abandoned his residence in this state and adopted a new residence in New York. He never afterwards lived with his family in Warwick, but he did return to Rhode Island on June 24, 1945 and thenceforth resided in West Warwick and was still residing there when the case was heard in the superior court. Thereafter he visited New York on one or two occasions in July, 1945, but he, himself, testified that he intended at that time to reside permanently in Rhode Island.

It appears from the evidence that the circumstances surrounding his attempt to claim nonresidence in this state are these: He was a mariner and it was not unusual for him to be absent from home on long voyages overseas several times a year. On such occasions, when his ship returned to her home port, it was his custom to telephone his wife that the ship had docked and that he was on his way home. On Feb-

ruary 2, 1945 he telephoned from Boston to inform her that he was on his way home, but on this occasion, to his surprise, she urged him not to come home because in January, 1945 she had married another man and he was then in their home. Upon hearing this, petitioner expressed his intention to go down there and have the man thrown out. However, respondent threatened that if he did that, she would "make the children hate" him. Finally, the parties agreed to meet in Providence and talk it over that night, which they did. The result was that petitioner, being undecided what to do, and his wife asking for time to think over the situation, returned that night to his ship which was then in Boston, and in a day or two he sailed in it for France.

In March, 1945 the ship returned to New York City and petitioner for a brief time lived ashore in that city. While there he paid his Federal income tax at the New York collector's office and also arranged with an insurance company, with which he had several life insurance policies, to have premium notices sent to his address in that city. However, apparently being still undecided as to his status in Warwick with his wife, he went to Providence on March 15, 1945, to discuss the subject with her. The upshot of that visit was the signing by him on March 17, 1945 of the instant petition in which he alleged that he was a resident of New York. As such a nonresident petitioner, suing a domiciled respondent of this state, he claimed the benefit of the provisions of general laws 1938, chapter 416, §11, and filed his petition in Providence on March 19, 1945. He then returned to New York and shipped out on another voyage, from which he returned to that city some time in June, 1945, the exact date not being definitely fixed in the evidence. After remaining there for a brief time he decided to give up the sea, took a job ashore at Quonset, Rhode Island, and made his residence at West Warwick in this state about June 24, 1945.

Under the provisions of §11, if the petitioner had not abandoned his residence in this state, he should have filed his petition in Kent county and not in Providence. That

section reads as follows: "All such petitions shall be filed, heard, and tried in Providence, unless the petitioner shall reside in the county of Newport or in the county of Washington or in the county of Kent, in which case such petition shall be filed, heard and tried in Newport or South Kingstown or East Greenwich, respectively."

Obviously that is a venue statute, and consequently we are concerned here not with any technical niceties of domicile and residence necessary to give the superior court jurisdiction over the marital status of the parties, but merely with a simple question of fact, namely, whether petitioner, by his conduct, actually changed his residence from Rhode Island to New York. On that issue the trial justice has expressly found that considering all the circumstances motivating the petitioner's attempt to establish a new residence, the brief nature of such new residence and the petitioner's taking up his residence in Rhode Island, when he gave up the sea to settle in an occupation ashore, all within the short space of March 14 to June 24, 1945, his absence from Rhode Island was merely temporary and not such as to establish a definite break in his long-continued residence here since 1935.

Unless that finding is clearly wrong we should not disturb it. We have carefully read the transcript and we are of the opinion that the trial justice's finding was amply supported by the evidence. In some aspects of it this case is peculiar. The marriage which the petitioner seeks to have dissolved is, he alleges, a common-law marriage which was first entered into in Florida in 1934 with a continued holding out as such in Rhode Island since 1935. As a mariner, the petitioner throughout that period claimed only one domicile and residence, namely, Warwick, Rhode Island, which is clearly established and undisputed. When the case was on hearing, the petitioner was no longer a mariner but was continuously residing in Kent county in this state and again frankly claiming his permanent residence here. In such circumstances a finding that he had ever clearly and definitely

established a new residence in New York would, on the facts in evidence, be difficult to justify.

We are, therefore, of the opinion that the trial justice did not err in finding that the petitioner was a resident of Kent county and hence the superior court sitting in and for Providence county was without jurisdiction to entertain his petition for divorce from the alleged bond of marriage.

The petitioner's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Kirshenbaum & Kirshenbaum,* for petitioner.

*Francis J. O'Brien,* for respondent.